## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KAYAL ORTHOPAEDIC CENTER, PC, o/a/o CHRISTIAN S., | Civil Action No. |
| Plaintiff, | |
| v. | *Filed Electronically* |
| AETNA, INC., | |
| Defendant. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Aetna Life Insurance Company  (improperly pleaded as Aetna, Inc. and hereinafter "Aetna"), by its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(a) & (c), and 28 U.S.C. § 1446 in the Office of the Clerk of the United States District Court for the District of New Jersey, for removal of the above-captioned litigation from the Superior Court of New Jersey, Bergen County, Law Division, Docket No. BER-L-8480-16, where it is now pending, to the United States District Court for the District of New Jersey.

### INTRODUCTION

1.     This action was brought against Aetna by Plaintiff Kayal Orthopaedic ("Plaintiff") who allegedly received an assignment of benefits from Christian S. ("Patient"). Patient received health care benefits through an employer-provided health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") and insured by Aetna.    Among other things, Aetna provides health care benefits and

1

administrative services for beneficiaries of health benefit plans governed by ERISA.  Because Plaintiff seeks to recover benefits allegedly due pursuant to ERISA, this case is properly removed and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1131, 1141(a) & (c).

## PARTIES

2.      Plaintiff Kayal Orthopaedic is a healthcare provider in the County of Bergen, State of New Jersey. (Complaint, ¶ 1).

3.      Aetna is an insurance company authorized to do business in the State of New Jersey who is primarily engaged in the business of providing and/or administering health care plans or policies. (Complaint, ¶ 2). Aetna also administers benefits for participants in beneficiaries of employee benefit plans governed by ERISA.

## PROCEEDING TO DATE

4.      On or about December 5, 2016, Plaintiff filed a complaint styled Kayal Orthopaedic Center, PC, on assignment of Christina S. v. Aetna, Inc., Docket No.: BER-L-8480-16, in the New Jersey State Court, Law Division, Bergen County. (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A").

5.      On or about January 2, 2017, the Court issued a Summons. (A copy of the summons is attached hereto as Exhibit "B").

6.      In the Complaint, Plaintiff seeks to recover benefits allegedly due pursuant to an employee benefit plan governed by ERISA and is a claim for benefits within the meaning of Section 502(a) of ERISA, 29 U.S.C. §1132(a).  (Complaint, ¶¶ 13, 27).

## TIMELINESS

7.      Aetna was served with the Summons and Complaint on January 4, 2017.

8.      Aetna timely filed this Notice of Removal within thirty (30) days of its receipt of the Summons and Complaint as required by 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

9.      The present lawsuit is removable from state court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1331 and § 1441 (a) and (c) because Plaintiff seeks to recover benefits from Aetna under the terms of an employee benefit plan governed by ERISA and brings a claim for benefits within Section 502(a) of ERISA, 29 U.S.C. § 1132(a), over which this court has federal question jurisdiction pursuant to 28 U.S.C. § 1131. (Complaint, ¶¶ 13, 27).

10.     Among other things, Plaintiff seeks to recover payments allegedly required to be made pursuant to an employer-provided health benefit plan, which is governed by ERISA. (Complaint, ¶¶ 13, 27).

11.     Plaintiff's claim for benefits, as a matter of federal law, is governed by the terms and conditions of ERISA and therefore falls within the ambit of this Court's original federal question jurisdiction.   *See Egelhoff v. Egelhoff*, 532 U.S. 141, 147-48 (2001)(terms and conditions of payment and administration of payment are, as a matter of federal law, governed exclusively by ERISA plans).

12.     It is well-settled that the "carefully integrated civil enforcement provisions" in ERISA Section 502 were "intended to be exclusive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)(internal quotation marks omitted).  Indeed the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an

alternative mechanism for enforcing a claim to ERISA-governed benefits. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). The U.S. Supreme Court accordingly has instructed that any state-law claims that seek to collect benefits under the terms of ERISA plans must be recharacterized as benefits claims under Section 502(a) of ERISA, and that such claims give rise to removal jurisdiction no matter how Plaintiff characterizes those claims. *Id.* at 65 (preemptive force of ERISA operates to "convert[]" ordinary state-law claims into federal claims for purposes of the well-pleaded complaint rule); *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 678 (3d Cir. 2000), *cert. denied*, 531 U.S. 927 (2000)("[c]omplete preemption is an exception to the well-pleaded complaint rule" and "does not depend on any type of relief requested in the complaint"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998)(complete preemption doctrine empowers courts to "look beyond the face of the complaint").

13.     The present lawsuit is removable from state court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1331 and § 1441(a) and (c).

## VENUE

14.     Plaintiff's action is pending in the Superior Court of New Jersey, Law Division, Bergen County, New Jersey, which is within this judicial district. *See* 28 U.S.C. § 110. This Court is thus proper venue for removal under 28 U.S.C. §§ 1441(a) & 1445(a).

## NOTICE

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff. (A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division, in the form attached hereto as Exhibit "C").

## SUPPLEMENTAL JURISDICTION

16.     To the extent that any of Plaintiff's claims do not relate to the denial of benefits under ERISA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1441(c).  To the extent that Plaintiff asserts any state law claims seeking to recover benefits, the claim would be pre-empted by ERISA.

## CONCLUSION

For the foregoing reasons, Defendant Aetna Life Insurance Company respectfully demands that this action, previously pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

**CONNELL FOLEY LLP**
Liberty View Building
457 Haddonfield Rd., Ste. 230
Cherry Hill, New Jersey 08002
(856) 317-7100

*Attorneys for Defendant Aetna Life Insurance Company*

BY:   */s/ Matthew A. Baker*
                    Matthew A. Baker, Esquire

DATE:   February 2, 2017